UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA SISAUDIA,<br><br>   *Plaintiff*,<br><br>  v.<br><br>US DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>   *Defendants*. | Civil Action No. 1:22-cv-03689 (CJN) |

# ORDER

Alicia Sisaudia, appearing *pro se*, seeks a declaratory judgment that the Cherokee Nation District Court has exclusive jurisdiction over a child custody and visitation dispute. The Complaint contains few factual allegations, but based on the parties' briefing, it appears that Sisaudia stipulated to an Arizona court order of joint custody over her minor child. A year later, Sisaudia filed an action in the Cherokee Nation District Court seeking sole custody, which was dismissed for lack of jurisdiction. Instead of appealing that dismissal, Sisaudia filed this suit, contending that the Cherokee court has exclusive jurisdiction over all custody and visitation issues arising from her divorce proceedings.

Specifically, Sisaudia asks this Court to issue a declaratory judgment "that the Cherokee Nation District Court has jurisdiction over all tribal members for all civil matters not limited by Congress regardless of where they live, including [her custody dispute]." Compl. ¶ 41.7, ECF No. 1. She names as defendants the Department of the Interior, the Secretary of the Interior, Cherokee Nation, and the Principal Chief of the Cherokee Nation. She also moves to join as defendants the

1

Commissioner of Indian Affairs and a judge on the Cherokee Nation District Court. The federal and Cherokee defendants filed separate motions to dismiss.

The Court will grant both motions. As the defendants point out, this case presents multiple jurisdictional defects, but the Court will focus on one relevant to all defendants (including the parties Sisaudia seeks to join)—redressability. To establish redressability, Sisaudia must show that her alleged injuries—the Cherokee court's dismissal of her case, and the Arizona court's unspecified adverse rulings—will likely be remedied "by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quotations omitted). But granting Sisaudia the relief she seeks here would not undo the Cherokee court's dismissal or the Arizona court's allegedly adverse rulings; indeed, there are no Arizona defendants in this case at all. As a result, this Court would simply be issuing "an abstract and advisory judicial pronouncement" on the scope of tribal jurisdiction. *Firearms Policy Coalition v. Barr*, 419 F. Supp. 3d 118, 127 (D.D.C. 2019); *see also* Pls.' Opp'n to Cherokee Nation's Mtn. to Dismiss at 3, ECF No. 15 ("This Declaratory Relief will simply be helping the Indian tribes . . . to understand their jurisdiction, [and it] will also help to inform the various states about tribal jurisdiction.").

Because a declaratory judgment in Sisaudia's favor is not likely to remedy her alleged harm, the Court lacks subject matter jurisdiction.[1] It is accordingly **ORDERED** that the defendants' motions to dismiss, ECF Nos. 7 and 8, are **GRANTED** without prejudice. It is further **ORDERED** that the plaintiff's motions to join additional parties, ECF Nos. 13 and 14, as well as her motion to strike, ECF No. 22, are **DENIED AS MOOT**.

---

[1] Even if the Court had Article III jurisdiction, it would exercise its discretion to deny declaratory relief here. *See Nepal v. Dep't of State*, 602 F. Supp. 3d 115, 129 (D.D.C. 2022) ("Courts often decline to exercise that discretion where it is unclear declaratory judgment would have any real remedial effect.").

This is a final appealable order.

The Clerk is directed to terminate the case.

DATE: July 10, 2023

_____
CARL J. NICHOLS
United States District Judge